Teresa **ACCARDI**, by her guardian ad litem, Sam Accardi, Appellant,

v.

**UNITED STATES** of America.

No. 18800.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Nov. 6, 1970.

Decided on Dec. 28, 1970.

Sam Accardi, pro se.

Robert J. Cirafesi, Asst. U. S. Atty., Frederick B. Lacey, U. S. Atty., Newark, N. J. (John J. Barry, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge:

This is an appeal from an Order of the District Court dismissing appellant's complaint. The complaint, filed December 23, 1968, alleges that, beginning in 1955 and continuing to the present, the United States, acting through its officers, agents, and employees, and with the cooperation of the Bloomfield, New Jersey police, engaged in a general conspiracy to deprive appellant of her constitutional rights. In furtherance of this conspiracy, it is alleged that the United States (acting through its officers, agents and employees), committed a series of twelve wrongful overt acts in connection with: Unlawfully arresting appellant's husband on or about August 3, 1955, commanding appellant's appearance and extensive interrogations before grand juries and government agents up to and including September 10, 1968, compelling her to seek refuge in Italy in order that her real estate could be stolen, unlawfully extraditing her husband to the United States on or about November 12, 1963, and from July 8, 1964 to July 28, 1964, subjecting her to a cruel ordeal by "railroading" her husband to a federal penitentiary.

The Complaint also alleges that, as a result of appellee's tortious conduct, at the time of her husband's arrest, appellant was driven to a state of mental incompetence from which she has yet to recover; that, while appellant was confined in a psychiatric ward until her discharge on July 18, 1966, appellee controlled the acts of "certain" people attempting to administer shock treatment to her to further destroy her mind; and that, "up to and including the present day," appellee is enforcing rules and regulations to further damage appellant and her family.

In her complaint, plaintiff sought to invoke the jurisdiction of the District Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1346, and 42 U.S.C. § 1983. The District Court dismissed the Complaint on essentially two grounds:

(1) All causes of action allegedly arising under 28 U.S.C. § 1343 and 42 U.S. C. § 1983 are barred by the applicable New Jersey two-year statute of limitations, N.J.S.A. 2A:14–2. Hughes v. Smith, 389 F.2d 42 (3 Cir. 1968); Henig v. Odorioso, 385 F.2d 491 (3 Cir. 1967), cert. den. 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed.2d 166 (1968), rehearing den. 391 U.S. 929, 88 S.Ct. 1814, 20 L. Ed.2d 671 (1968).

(2) All causes of action allegedly arising under 28 U.S.C. § 1346(b) (the only relevant subsection of § 1346) are unenforceable against the United States because they are within the exceptions enumerated in 28 U.S.C., Section 2680(h).[1]

We affirm the District Court's dismissal of the complaint but, for reasons set out below, we do so on grounds different from those assigned by that court.

---

1. Section 2680 provides in relevant part: "The provisions of * * * section 1346 (b) of this title shall not apply to * * * (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights * * *"

On a motion to dismiss, we must accept as true the allegation in the complaint that appellant has been non compos mentis since 1955. Given that assumed fact, appellant's claim under 42 U.S.C., Section 1983 is not barred by the New Jersey statute of limitations since, under New Jersey law, the statute does not run so long as the potential plaintiff is insane. (N.J.S.A. 2A:14-21)

Appellant's Section 1983 claim, however, must be rejected on another ground. Under Section 1983, only "persons" may be sued for deprivation of civil rights. The United States and other governmental entities are not "persons" within the meaning of Section 1983. Egan v. City of Aurora, 365 U.S. 514, 81 S.Ct. 684, 5 L.Ed.2d 741 (1961); United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969); Broome v. Simon, 255 F. Supp. 434 (D.La.1966). Therefore, the United States is an improper party in this suit insofar as it is brought pursuant to Section 1983.

It is unnecessary for us to consider whether Section 1346 tort claims relating to ten of the twelve alleged overt acts are barred by the provisions of Section 2680, since these ten acts are alleged to have occurred more than two years prior to the filing of this action. Tort claims relating thereto are therefore barred by the two-year federal statute of limitations (28 U.S.C., Section 2401) governing tort claims brought under Section 1346.[2] Only "Overt Acts" 7 and 11 are alleged to have occurred less than two years prior to the commencement of this action. Section 2680 bars, however, any claims against the United States arising out of these two remaining acts. "Overt Act" 7 (alleged grand jury harassment) falls within the exception in § 2680(h) (see footnote 1). "Overt Act" 11 (the enforcement of "rules and regulations") falls within the exception in § 2680(a).[3]

For the foregoing reasons, the order of the District Court dismissing appellant's complaint will be affirmed.

---

2. Insanity does not prevent a federal statute of limitations from running. Williams v. United States. 228 F.2d 129 (4 Cir. 1955), cert. den. 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499, rehearing den. 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71; Jackson v. United States, 234 F.Supp. 586 (E.D.S.Car.1964).

3. " * * * Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid * * * "