**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2232
_____

ROBERT POLSKY; LISA POLSKY,
                                        Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-00655)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2016

Before: SHWARTZ, COWEN, and FUENTES, *Circuit Judges*

(Opinion Filed:  December 15, 2016)

Robert Polsky
Lisa Polsky
9 Jody Drive
Plymouth Meeting, PA 19462

*Pro Se*

Karen G. Gregory, Esq.
John A. Nolet, Esq.
Joan I. Oppenheimer, Esq.
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

Beatriz T. Saiz, Esq.
E. Christopher Lambert, Esq.
United States Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044

*Counsel for Appellee United States of America*

_____

OPINION OF THE COURT
_____

PER CURIAM.

Robert and Lisa Polsky, the parents of a permanently disabled daughter, claimed a child tax credit on their 2010 and 2011 income taxes. However, the Internal Revenue Service (IRS) disallowed the credit because the Polskys' daughter was too old to qualify for it.

After a few false starts, the Polskys challenged the disallowance of the credit by bringing suit in the United States District Court for the Eastern District of Pennsylvania. They argued that the tax credit's definition of "qualifying child," which has an age cap, incorporates by reference a different section of the Internal Revenue Code that has no age cap at all for a person who is permanently disabled. The Polskys contended that this second definition of "qualifying child" overrides the age cap in the child tax credit.

In granting the IRS's motion to dismiss, the District Court held that the plain language of the Code supported the IRS's position: the age cap of the child tax credit section of the Code controlled, and the credit was therefore properly denied. Having reviewed the interplay between the two sections of the Code, we agree with the District Court and, for the reasons set forth below, will affirm its judgment.

**I.**

After the Polskys attempted to claim the child tax credit for the 2010 and 2011 tax years, the IRS issued them a notice of a "mathematical or clerical error"[1] disallowing the credit because their daughter was older than 17. In response, the Polskys submitted amended returns, specifically requesting that the IRS review whether their daughter

---

[1] *See* 26 U.S.C. § 6213(g)(2).

3

qualified for the tax credit. According to the Polskys, the IRS refused to rule on the amended returns because they were substantially the same as the original returns. The Polskys next filed a petition in the Tax Court. The Tax Court dismissed the petition, however, because the IRS had not issued a notice of deficiency. *See United States v. Mellon Bank, N.A.*, 545 F.2d 869, 873 n.10 (3d Cir. 1976) ("[A] notice of deficiency is a jurisdictional prerequisite for a taxpayer's suit in the Tax Court.").

In 2014, the Polskys, who have been *pro se* throughout, filed an action in the District Court, alleging that the IRS erroneously disallowed the child tax credit and violated their due process rights by preventing them from challenging the disallowance in Tax Court.[2] The United

---

[2] The Polskys labeled their filing as a "class action" complaint and named Daniel I. Werfel, the IRS's Acting Commissioner, as the sole defendant. They also moved for class certification. Contrary to the Polskys' argument on appeal, the District Court permissibly evaluated the United States' motion to dismiss before ruling on class certification. *See Greenlee Cty., Ariz. v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007) (recognizing that courts can grant a motion to dismiss without addressing class certification); *Searles v. Se. Pa. Transp. Auth.*, 990 F.2d 789, 790 n.1, 794 (3d Cir. 1993) (affirming order granting motion to dismiss for failure to state a claim, while noting that the "district court did not rule on the class certification because it ultimately concluded that plaintiff failed to state a claim"); *see also* 3 William B. Rubenstein, *Newberg on Class Actions* § 7:9 (5th ed. 2013) ("Given the early nature of most motions to dismiss, courts will often handle them prior to deciding a motion for class certification."). We note that courts have questioned whether

4

States filed a motion to dismiss, which the District Court granted. In particular, the District Court held that the tax credit is unavailable when the child has attained age 17 and that the Polskys failed to state a constitutional due process claim. *Polsky v. Werfel*, 87 F. Supp. 3d 748, 758-60, 763-66 (E.D. Pa. 2015). The Polskys appealed.

---

laymen *pro se* litigants may represent a class. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding that the district court did not abuse its discretion by deciding that an unincarcerated *pro se* litigant was not an adequate class representative). The District Court also properly substituted the United States for Acting Commissioner Werfel. *See* 26 U.S.C. § 7422(f)(1)-(2) (providing that a suit seeking a tax refund must be brought against only the United States, not its officers or employees, while allowing party substitution via court-ordered amendment of the pleadings); *Polsky v. Werfel*, 87 F. Supp. 3d 748, 756-57 (E.D. Pa. 2015) (treating the action as a refund suit "[b]ecause the jurisdictional and procedural requirements for filing a refund suit are satisfied").

## **II.**[3]

The child tax credit, 26 U.S.C. § 24, allows certain taxpayers to claim a credit against tax liability for each qualifying child. A "qualifying child" means "a qualifying child of the taxpayer (*as defined in section 152(c)*) who has not attained age 17." 26 U.S.C. § 24(c)(1) (emphasis added).

The Polskys did not dispute that their daughter was over 17 in 2010 and 2011. Instead, they argued that they are entitled to the child tax credit regardless of their daughter's age because she meets the requirements of 26 U.S.C. § 152(c), which § 24(c)(1) incorporates by reference. Section 152(c) defines "qualifying child" for purposes of a taxpayer's dependency deductions and provides an exception to its own age requirements[4] for an individual who is "permanently and totally disabled." 26 U.S.C. § 152(c)(3)(B).

---

[3] We have appellate jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the order granting the United States' motion to dismiss. *See Cooper v. Comm'r*, 718 F.3d 216, 220 n.5 (3d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[4] Generally, with respect to the dependency deduction, a qualifying child must be under the age of 19 or a student under the age of 24. *See* 26 U.S.C. § 152(c)(3)(A). In addition, § 152(c)(1) includes requirements pertaining to the child's relationship with the taxpayer, principal place of abode, percentage of self-support, and joint filing status.

## III.

We agree with the District Court that the Polskys are not entitled to a child tax credit for their disabled daughter. The age-cap exception in § 152(c)(3) does not supplant the separate age limitation in § 24(c)(1). *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) (stating that, as a general rule of statutory construction, "[w]e strive to avoid a result that would render statutory language superfluous, meaningless, or irrelevant"). To the contrary, under the plain and unambiguous language of the Internal Revenue Code, the age limitation for the child tax credit in § 24(c)(1) effectively overrides the age requirements and exception for claiming a child as a dependent that are found in § 152(c)(3). As the District Court correctly explained:

> Section 24 imports the basic qualifications from § 152(c), and adds an age limitation of seventeen years. . . . The age restriction in § 24(c)(1) is intended to end the tax *credit* when the child reaches seventeen years of age. In contrast, the special rule applicable to permanently and totally disabled dependents in § 152(c)(3)(B) is calculated to extend the tax *deduction* as long as the child is disabled. Therefore, the taxpayer can take a dependent deduction regardless of the child's age as long as the child is permanently and totally disabled, but cannot receive a tax credit for a disabled child who, by the close of the taxable year, was seventeen years of age.

*Polsky*, 87 F. Supp. 3d at 759. In other words, the child tax credit is available only when the "qualifying child" meets the

7

non-age-related requirements of § 152(c) and "has not attained age 17." 26 U.S.C. § 24(c)(1). Because the Polskys' daughter was over 17 during the relevant tax years, they are not entitled to the child tax credit.

The Polskys also argued that the IRS violated their due process rights by failing to issue a notice of deficiency, which would have allowed them to seek redress in the Tax Court. As a basis for this claim, the Polskys relied on 42 U.S.C. § 1983. That provision, however, does not apply to federal actors, such as IRS employees. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law."). In addition, neither the IRS nor the United States can be sued under § 1983. *See Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) (holding that "[t]he United States and other governmental entities are not 'persons' within the meaning of Section 1983"). We have also held that an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "which is the federal equivalent of the § 1983 cause of action against state actors," *Brown*, 250 F.3d at 800, "should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights." *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152 (3d Cir. 2000).

In any event, we agree with the District Court that the Polskys' due process rights were not violated. Although they could not bring their claims in the Tax Court, *see* 26 U.S.C. § 6213(b)(1) (providing that when a return contains a mathematical error, the taxpayer has no right to file a petition with the Tax Court), the Polskys' due process rights were protected by their ability under 26 U.S.C. § 7422 to sue for a refund. *See Zernial v. United States*, 714 F.2d 431, 435 (5th

8

Cir. 1983) (per curiam) ("The refund claim procedure provided in section 7422 adequately protects . . . due process rights.").

## **IV.**

For the foregoing reasons, we will affirm the order of the District Court.[5]

---

[5] We deny the Polskys' motions "to consider new evidence" and "to consider additional new evidence." Our review is limited to whether the dismissal of the complaint "was correct in light of the facts pleaded in the complaint." *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000); *see also Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994) (noting that issues raised for the first time on appeal will not be considered).