NOT PRECEDENTIAL

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 16-3027

TARA L. LONG and TODD J. LONG, Administrators of the
Estate of Tammy E. Long, Deceased,

Appellants

v.

COUNTY OF ARMSTRONG, doing business as Armstrong County Jail;
DAVID HOGUE

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-15-cv-01447)
District Judge:  Honorable Mark R. Hornak

Submitted under Third Circuit L.A.R. 34.1(a)
on February 9, 2017

Before:  MCKEE, RENDELL, and FUENTES, Circuit Judges

(Opinion filed: February 14, 2017)

O P I N I O N*

**RENDELL**, Senior Circuit Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tammy Long was murdered by an inmate at the Armstrong County Jail ("the Jail") who escaped as a result of allegedly deficient prison policy. The administrators of her estate ("the Plaintiffs") brought this § 1983 suit against Armstrong County and the Warden ("the Defendants") under our state-created danger theory of § 1983 liability. The District Court dismissed their complaint for failure to state a claim. For the reasons that follow, we will affirm the District Court's order.

## I. Background

Long's killer, Robert Crissman, was incarcerated at Armstrong County Jail following a parole violation. Prison officials knew that Crissman had a criminal record including convictions for theft, breaking and entering, and use and possession of drugs. It is alleged, further, that officials knew that Crissman was addicted to heroin and that he was suffering heroin withdrawal during the time of this incarceration. Despite all this, Jail officials admitted Crissman to the Jail's Trustee Program. Inmate "Trustees" work various jail operation jobs in civilian clothing, often outside the prison walls, and without any direct, physical supervision.

On the day of Crissman's escape, he was assigned to tray duty, which required him to walk down a hallway and through a set of remote controlled doors to meet a food delivery van just outside the confines of the jail. Upon reaching the van, Crissman took off running into the woods. He fled to the nearby house of an acquaintance, Terry Slagle. Long lived in Slagle's house. Neither Slagle nor Long knew that Crissman had escaped

2

from the Jail. Then, after Slagle left for work, Crissman beat and strangled Long to death.[1]

The Plaintiffs, who are administrators of Long's estate, filed this action against Armstrong County and Warden David Hogue under 42 U.S.C. § 1983 alleging that various deficiencies in the Jail's policies and decisions with respect to Crissman resulted in a violation of Long's Fourteenth Amendment rights. The District Court dismissed this complaint for failure to state a claim,[2] and the Plaintiffs appeal.

## II. Discussion[3]

This case hinges on whether the Plaintiffs' allegations pleaded a viable state-created danger claim. We begin by restating our framework for analyzing such claims. The Due Process Clause of the Fourteenth Amendment does not impose an affirmative obligation on the state to protect citizens from private conduct. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989). However, the state-created danger theory operates as an exception to this general rule by permitting § 1983

---

[1] The County also produced two reports, one from the District Attorney's office and another from a private consulting firm, that outlined numerous deficiencies in prison policy that led to Crissman's escape. For example, the DA's report noted that the Jail lacked a fence and a system to warn residents despite being in a residential area. The Plaintiffs incorporated these findings and attached the reports themselves to their complaint.

[2] The Plaintiffs also alleged separate violations of Pennsylvania's Wrongful Death and Survival Acts. Because the District Court dismissed the Plaintiffs' claim under federal law it appropriately declined to exercise jurisdiction over their state law claims. *See* 28 U.S.C. § 1367(c)(3).

[3] The District Court had jurisdiction over Long's § 1983 claim under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. "We . . . exercise plenary review over the order granting the [Defendants'] motion to dismiss." *Polsky v. United States*, 844 F.3d 170, 173 n.3 (3d Cir. 2016) (per curiam).

3

liability where: "(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for the plaintiff's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008).

The District Court dismissed the Plaintiffs' claim under the third element, called the foreseeable plaintiff requirement. The relationship under this element must be "sufficiently close." *Rivas v. City of Passaic*, 365 F.3d 181, 197 (3d Cir. 2004). It "contemplates some contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense" either "individually or as a member of a distinct class." *Phillips*, 515 F.3d at 242 (internal quotation marks omitted) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 912 (3d Cir. 1997)). Thus, the relationship may exist where the defendant had "knowledge that a specific individual has been placed in harm's way" or that the plaintiff "[is] part of an identifiable and discrete class of persons subject to the harm the state allegedly has created." *Morse*, 132 F.3d at 914. But "where the state actor creates only a threat to the general population," the plaintiff fails to show the sufficiently close relationship required under this element, which is "in keeping with . . . the general rule that the state is not obligated to protect its citizens from the random, violent acts of private persons." *Id.* at 913.[4]

---

[4] Because we conclude that the Plaintiffs fail to state a claim under what the Plaintiffs characterize as our "modern" state-created danger test, Long Br. 13, we find it unnecessary to address the continued viability of our pre-*Morse* decision in *Commonwealth Bank & Trust Co. v. Russell*, 825 F.2d 12, 16 (3d Cir. 1987) (rejecting §

4

Here, we agree with the District Court that Long was not a foreseeable victim under our standard. Long's relationship to the state not only falls short of being "sufficiently close," it is non-existent. *Rivas*, 365 F.3d at 197. There are no allegations that the Jail had any contact with Long and, although the Plaintiffs emphasize the allegation that Crissman knew Slagle, there are no allegations that *Jail officials* knew about Crissman's relationship to Slagle let alone that Long lived in Slagle's house. In short, we fail to see how Long was a foreseeable victim under our standard.

In fact, the Plaintiffs' allegations here are in stark contrast to the close relationship we have found sufficient on other occasions. *See L.R. v. Sch. Dist. of Phila.*, 836 F.3d 235, 247 (3d. Cir. 2016) (child was foreseeable victim of school's decision to release child to abuser because the child "was a member of the discrete class of kindergarten children for whose benefit the School District's release policy had been instituted"); *Phillips*, 515 F.3d at 243 (murder victims were foreseeable plaintiffs of 911 operators' decision to illegally share address information of victims with an admittedly homicidal colleague, who then "specifically targeted [one of his victims] for retribution"); *Kneipp v. Tedder*, 95 F.3d 1199, 1209 (3d Cir. 1996) (woman was foreseeable victim of police officer's decision to let her walk home, visibly intoxicated and in the cold, where the police officer shortly before had a personal encounter with her). Unlike the allegations in these cases, the Plaintiffs' allegations have provided nothing that sets Long apart from the

---

1983 claim in case where local residents were murdered by an inmate, who escaped due to deficient policies at the jail, because "residents in the communities surrounding the jail [were] part of the 'public at large'") (quoting *Martinez v. California*, 444 U.S. 277, 825 (1980)).

general population of potential victims that may have been harmed by the Jail's deficient policies.

The Plaintiffs argue that Long, as a resident "in close proximity" to the jail,[5] was indeed part of a "limited, discrete class of persons subjected to the potential harm" in satisfaction of the test. Long Br. 14. They contend that because the Jail knew about Crissman's drug addiction, criminal history, and risk of flight, it was foreseeable that Crissman would flee to a nearby home and use force or even deadly force against the inhabitants, whether to aid his escape or secure more drugs. Long Br. 17. This argument, however, which goes to the Defendants' "awareness of risk" that a particular "harm" would result from their deficient policy choices, is more appropriately addressed under the first element. *L.R.*, 836 F.3d at 245 (quoting *Phillips*, 515 F.3d at 238). Under that element, we ask "whether the *harm ultimately caused* was a foreseeable and a fairly direct result of the state's actions." *Id.* (emphasis added) (internal quotation marks omitted) (quoting *Morse*, 132 F.3d at 908). Even if we were to credit this argument, the claim fails the third element.

That element, which was the basis for the District Court's ruling, requires something more than just a foreseeable "harm"—it requires that the *particular victim* be a "foreseeable plaintiff." *Morse*, 132 F.3d at 913. In this case, even with Long being a member of a class of local residents, the Plaintiffs have not alleged facts to show a "sufficiently close" relationship between that class of persons and the state. *Rivas*, 365

---

[5] The Plaintiffs allege that Long resided within a quarter-mile of the jail, and variously describe the geographic class as those within "an eyeshot from the jail," Reply 6, or the "immediate vicinity" of the jail, Reply 8.

F.3d at 197. As tragic as the events in this case are, we conclude that the Plaintiffs allegations fail to satisfy the "foreseeable plaintiff" requirement, *Morse*, 132 F.3d at 913, and thus cannot support a § 1983 claim against the Armstrong County Jail.[6]

## II. Conclusion

For the reasons stated above, we will affirm the District Court's order.

---

[6] The Plaintiffs also rely on *Reed v. Gardner*, 986 F.2d 1122 (7th Cir. 1993), an out-of-circuit decision that we cited in *Morse* and that permitted a § 1983 claim brought by motorists injured by a drunk driver's drunk passenger that police allowed to continue driving after the driver's DUI arrest. We are not persuaded by the comparison. We find it necessary to note only that we cited *Reed* merely as "illustrative" of the proposition that other courts have held state actors liable for creating a risk to a "definable class of persons," a question we actually did not reach in that case. *Morse*, 132 F.3d at 913.