**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-2007

———————

EDWARD J. MIERZWA,
Appellant

v.

ARKADIUSZ M. DUDEK; DIANE GAFFNEY; JAMES GAFFNEY;
UNITED STATES OF AMERICA; JOHN DOES 1-100, Employee
of United States Department of Justice as an individual and
official and personal capacities; JANE DOES 1-100, Employee
of United States Department of Justice as an individual and
official and personal capacities

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-17-cv-02625)
District Judge:  Honorable Madeline Cox Arleo

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2018
Before:  MCKEE, COWEN, and ROTH, Circuit Judges

(Opinion filed: November 29, 2019)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Mierzwa (Appellant) appeals the District Court's order granting Appellee Arkadiusz Dudek's motion for judgment on the pleadings, Appellees James and Diane Gaffney's motion to dismiss, and Appellee United States' motion to dismiss. Appellant also appeals the Magistrate Judge's orders terminating, as moot, his motion for rescheduling and motion for change of venue. Dkt. #42, 53. For the following reasons, we will affirm.

Writing primarily for the parties, who are familiar with the extensive record in this case, we review only those facts that are especially pertinent to our analysis. Appellant brought suit under 42 U.S.C. § 1983 for various alleged constitutional violations; he also brought a claim under the Federal Tort Claims Act (FTCA). The events giving rise to the claims against the Gaffneys stem from trials held in July 2006 and August 2009. Appellant argued the Gaffneys made "an endless series of false statements" against him in their criminal harassment claims and testimony at trial. Similarly, the events giving rise to the claims against Police Officer Dudek were connected to the Gaffneys' August 2009 criminal harassment lawsuit, in which Officer Dudek also allegedly testified falsely against Appellant.

Against the United States, Appellant argued violations of section 1983 for failing to investigate and intervene in the above-referenced court proceedings with the Gaffneys. Appellant further claimed violations under the FTCA for alleged negligence and other various violations committed by the United States and John and Jane Doe federal employees.

We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291.[1] We review the District Court's grant of the motion to dismiss pursuant to Rule 12(b)(6) de novo. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff. Id. Likewise, we apply the same standards when reviewing an order granting judgment on the pleadings pursuant to Rule 12(c). Hanover Ins. Co. v. Urban Outfitters, Inc., 806 F.3d 761, 764 (3d Cir. 2015). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

As a threshold matter, we first note that pursuant to Rule 28 of the Federal Rules of Appellate Procedure and Third Circuit Local Appellate Rule 28.1, "appellants are required to set forth the issues raised on appeal and to present an argument in support of

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). Here, we conclude that the District Court intended its April 6, 2018 order to be final, despite the inclusion of a "without prejudice" modifier, as the Court subsequently terminated Appellant's motion for a scheduling conference as moot. See Dkt. #42. In any event, even if the order was not a final order when issued, we believe it is now. Appellant has elected to stand on his amended complaint because he immediately appealed the order and did not attempt to amend or refile his complaint. See Borelli, 532 F.2d at 951-52; Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (holding a dismissal order "without prejudice" was a final order because the plaintiff elected to

3

those issues in their opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). "It is well settled that if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals." Id. Indeed, to be preserved, all arguments must be supported specifically by "the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Consequently, "we have consistently refused to consider ill-developed arguments or those not properly raised and discussed in the appellate briefing." Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (listing cases). Although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); Gambino v. Morris, 134 F.3d 156, 161 n.10 (3d Cir. 1998); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Here, Appellant's informal brief does little to advance any argument in opposition to the District Court's holdings. Rather, Appellant takes issue with various "kangaroo court antics" allegedly committed by the District Court with regard to the filings below, going so far as to suggest a conspiracy among court personnel for purposes of defeating his action. Appellant Br. 40-42. Furthermore, to the extent Appellant does touch on the

stand on her original complaint rather than amend or refile it).

4

relevant issues in his brief, he does so in a conclusory manner, without any citation to authority or the record. While we are mindful of Appellant's pro se status, we conclude that he has abandoned and waived much with regard to this appeal, as we will note below.

We first turn to Appellant's section 1983 claims against the Gaffneys and Officer Dudek. The District Court held that these claims were time-barred. Appellant presents no argument challenging this; accordingly, he has waived any issue with the District Court's holding. See F.D.I.C. v. Deglau, 207 F.3d 153, 169 (3d Cir. 2000) (finding an issue not raised in opening brief on appeal was waived and would not be addressed).

Turning to Appellant's claims against the United States and the John and Jane Doe federal employees, the District Court held that Appellant failed to comply with the administrative and procedural requirements to properly bring a claim under the FTCA. We agree. Federal courts cannot assume jurisdiction over FTCA claims until (1) the plaintiff has initially presented the claim to the appropriate federal agency within two years of the date the claim accrues; and (2) the agency has either denied the claim or has failed to make a final disposition within six months of the plaintiff's presentation of the claim. 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b); see also White–Squire v. U.S. Postal Serv., 592 F.3d 453, 457 n.3 (3d Cir. 2010).

Here, Appellant does not present much argument showing he has satisfied the procedural requirements in order to bring a claim under the FTCA, other than to argue generally that the necessity of the SF-95 Form with a sum certain for damages is

"insignificant" at this juncture, and that he satisfied the procedural requirements by way of various letters in 2007 to the Department of Justice.  We are inclined to view Appellant's conclusory arguments, without any citation to authority or the record, as waiving the issue.  See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").  Regardless, we conclude that even if Appellant had fulfilled the procedural requirements via his 2007 letters, his claims would be time-barred: Appellant did not initiate his lawsuit until April 18, 2017—well outside the two-year time period for bringing suit.  See White–Squire, 592 F.3d at 457 n.3.

Additionally, as noted by the District Court, Appellant's section 1983 claims against the United States fail, as neither the United States nor federal actors, such as employees, can be sued under section 1983.  See Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970); Polsky v. United States, 844 F.3d 170, 173 (3d Cir. 2016).  To the extent Appellant attempted to sue John and Jane Doe federal employees under Bivens,[2] he has not challenged the District Court's holding that he failed to articulate the employees' personal, affirmative involvement in the deprivation of a constitutionally protected right.  Accordingly, he has abandoned that claim.  See Kost, 1 F.3d at 182.

Finally, we turn to the appeal of the Magistrate Judge's April 17, 2018 order terminating Appellant's rescheduling motion and his May 15, 2018 order terminating Appellant's change of venue motion (Dkt. #42, 53).  It is well established that a district

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388

court may refer certain pretrial matters to a magistrate judge for disposition, and that any appeal from the magistrate judge's order is to the district court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). "As a general rule, we do not consider on appeal issues that were not raised before the district court in the absence of exceptional circumstances." Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998).

Here, Appellant did not appeal the Magistrate Judge's April 17, 2018 order to the District Court, and Appellant points to no exceptional circumstances with respect to this order; accordingly, we decline to review it. See id. Moreover, the Magistrate Judge's May 15, 2018 order was entered after Appellant's notice of appeal. Consequently, Appellant should have not only appealed this to the District Court to avoid waiver, but he was also required to file an amended notice of appeal to give us jurisdiction to review it. See id.; Union Pac. R. Co. v. Greentree Transp. Trucking Co., 293 F.3d 120, 126 (3d Cir. 2002) (citing Fed. R. App. P. 4(a)(4)(B)(ii)). Appellant did neither; thus, we cannot review it.

For all of the foregoing reasons, we will affirm the District Court's judgment.[3]

---

(1971).

[3] Appellant's Motion for Participation in the Appellate Mediation Program Pursuant to L.A.R. 33.0 is denied.