**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1456
_____

WILLIAM F. KAETZ,
Appellant

v.

FREDA L. WOLFSON, J.;
ALL 3RD U.S. DIST. JUDGES, enforcing Speedy Trial Act Continuances;
ALL 3RD U.S. DIST. ATTORNEYS, enforcing pandemic Speedy Trial Act
Continuances; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00289)
District Judge:  Honorable J. Nicholas Ranjan

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
_____

No. 22-1476
_____

WILLIAM F. KAETZ,
Appellant

v.

UNKNOWN US MARSHALS; UNITED STATES OF AMERICA;
MATTHEW A. HOHMAN; PAUL SAFIER; SOO C. SONG;
CLAIRE C. CECCHI, defendants are being sued in both their official and personal
capacity; UNITED STATES MARSHALS SERV.; U.S. DIST. COURT, DISTRICT OF
NJ; UNITED STATES DEPARTMENT OF JUSTICE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-00062)
District Judge: Honorable J. Nicholas Ranjan

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 25, 2022

Before:   CHAGARES, Chief Judge, KRAUSE, and MATEY, Circuit Judges

(Opinion filed September 9, 2022)
_____

OPINION*
_____

PER CURIAM

William Kaetz, proceeding pro se, appeals the District Court's orders dismissing

his amended complaints in these two cases.  The Government has filed a motion for

summary affirmance in each case.  For the reasons discussed below, we grant the

Government's motions and will summarily affirm the District Court's orders.  See 3d Cir.

L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In early 2021, Kaetz initiated two civil rights actions in the District Court against

different groups of defendants, comprised of the United States and various federal actors,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

including judges, and federal agencies. He brought similar and overlapping allegations arising from federal criminal proceedings against him in the District of New Jersey.

In the case that gave rise to C.A. No. 22-1456, Kaetz filed an amended complaint, which became the operative pleading. In the case that gave rise to C.A. No. 22-1476, he amended his complaint twice, rendering his second amended complaint as the operative pleading. The primary claims in No. 22-1456 were based on the granting of continuances to the speedy trial clock in his criminal proceedings on account of the COVID-19 pandemic. The primary claims in No. 22-1476 were based on his allegations that his criminal prosecution was retaliation for engaging in political speech. When he filed these actions, his criminal proceedings were ongoing.

In each case, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. After the R&Rs were issued, Kaetz pleaded guilty in the criminal proceedings to publicly releasing restricted personal information about a federal judge, and was sentenced to 16 months in prison. In each civil case, the District Court adopted the R&R, over Kaetz's objections, and dismissed the case with prejudice.

Kaetz timely appealed in both cases. In this Court, in each case, Kaetz filed an opening brief, Appellees filed a motion for summary affirmance,[1] and Kaetz filed a response to the motion.[2]

We have jurisdiction under 28 U.S.C. § 1291, and we may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Our review of a § 1915(e)(2)(B)(ii) dismissal for failure to state a claim is guided by the same de novo standard used to evaluate motions to dismiss under Fed. R. Civ. P. 12(b)(6). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court did not err in holding that Kaetz failed to state a claim in either action. First, many of the named defendants were immune from suit as judges and federal agencies that have not waived their sovereign immunity. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam) (explaining that the doctrine of judicial immunity applies unless (1) the challenged action is non-judicial in nature, or (2) the challenged

---

[1] When filing a motion for summary affirmance *after* an appellant's brief is filed, as Appellees did here, parties should explain the circumstances under which the motion is proper under Local Appellate Rule 27.4(b). They should not assume that the Court is aware of those circumstances or that the Court will agree that those circumstances warrant filing such a motion at that time. Here, we directed Appellees' counsel to explain the timing of the summary-affirmance motion; having considered the parties' responses, we are satisfied with counsel's explanation.

[2] In his responses, Kaetz requests that we strike from Appellees' summary affirmance motions references to his criminal proceedings. We deny these requests. See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Proprietary Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) (per curiam) ("[M]otions to strike, as a general rule, are disfavored.").

action was "taken in the complete absence of all jurisdiction"); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duty has absolute immunity from suit and will not be liable for his judicial acts."); see also Beneficial Consumer Disc. Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995).

Furthermore, to the extent that Kaetz brought claims under 42 U.S.C. § 1983, the claims were not cognizable against the United States or the various federal actors and agencies he named as defendants. See Accardi v. United States, 435 F.2d 1239, 1241 (3d Cir. 1970); Polsky v. United States, 844 F.3d 170, 173 (3d Cir. 2016). Additionally, his First Amendment retaliation claim for damages under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), is not cognizable. See Egbert v. Boule, 142 S. Ct. 1793, 1807 (2022). Finally, to the extent that any other claim was asserted against a defendant who was not immune to suit, and was properly brought under Bivens, Kaetz failed to state a claim by repeatedly relying only on conclusory assertions devoid of specific factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Based on the foregoing, Kaetz's challenges to the District Court's orders do not present a substantial question. We therefore grant the Government's motions and we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.