**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2520
_____

TARIQ WYATT,
                                        Appellant

v.

SUPERINTENDENT MAHANOY SCI; L. CRONAUER, DSFM Deputy Superintendent
of SCI-Mahanoy; JOHN E. WETZEL, Secretary of Pennsylvania Department of
Corrections; GEORGE LITTLE, Secretary of Pennsylvania Department of Corrections
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00414)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2025
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: May 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tariq Wyatt appeals pro se from the District Court's dismissal of his complaint. We will affirm.

I.

Wyatt is a Pennsylvania state prisoner. He was previously housed at SCI Mahanoy. In 2019, SCI Mahanoy issued a memorandum advising of the prison's violence deterrence strategy. Under the policy, the prison could lock down a unit for up to 36 hours if any inmate in the unit committed certain violent acts. Wyatt alleged that the policy had been implemented statewide, and that the 36-hour lockdowns were "continuing and systematic" and had occurred more than 20 times throughout the state.[1]

Wyatt claimed that the policy was unconstitutional because the prisons were punishing innocent inmates to deter future violent behavior. He explained that punishing an innocent person "causes pent up rage[] and has a deep psychological effect on someone." Wyatt further explained that he experienced psychological trauma from being punished for others' actions. According to Wyatt, he resided in a treatment unit for inmates with mental illness, he spoke with mental health staff on numerous occasions, the staff knew that he was not responding well mentally, and his mental stability was deteriorating from the lockdowns.

Wyatt filed a civil rights complaint against the Superintendent and Deputy Superintendent of Mahanoy, and the Secretary of the Pennsylvania Department of

---

[1] For this reason, Wyatt requested that his case be certified as a class action.

2

Corrections, alleging that the violence reduction strategy violated his rights under the Fifth, Eighth, and Fourteenth Amendments. He sought declaratory relief and an injunction to cease the policy, as well as monetary damages and a jury trial. A Magistrate Judge recommended dismissing the complaint with prejudice against the defendants in their official capacities because the Eleventh Amendment barred the claims. The Magistrate Judge determined that Wyatt failed to state a claim for relief against the individual defendants, but that he should be granted leave to amend the complaint. Having received no objection to the report and recommendation, the District Court adopted it, dismissing the complaint with prejudice against the defendants in their official capacities, but with leave to amend as to the defendants in their individual capacities.

Wyatt notified the Court that he had not received the report and recommendation in time to object because his mail had been returned to sender, and he sought additional time to file his objections. The Court denied the request as moot. Later, when Wyatt filed his second amended complaint, he objected to being required to amend his complaint instead of having additional time to challenge the Magistrate Judge's report and recommendation. The District Court overruled the objections, explaining that the Court had given Wyatt ample time to amend his complaint, and therefore Wyatt suffered no prejudice from the denial of his request for additional time to object to the Magistrate Judge's report and recommendation.

The defendants moved to dismiss Wyatt's second amended complaint under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion and dismissed the complaint without further leave to amend. Wyatt appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a District Court's decision to grant a Rule 12(b)(6) motion to dismiss" for failure to state a claim, "accept[ing] all factual allegations as true and constru[ing] the complaint in the light most favorable to the plaintiff." Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016).

Wyatt's arguments on appeal lack merit.[2] First, Wyatt argues that the District Court erred by failing to extend his time to object to the Magistrate Judge's report and recommendation. We review this issue for abuse of discretion. See Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010). We cannot say that the District Court abused its discretion here because Wyatt has not established any prejudice from the claimed inability to object. After the District Court adopted the Magistrate Judge's report and recommendation, Wyatt had two opportunities to amend his complaint against the individual defendants. Wyatt appears to argue that, had he been given more time to object, he would have challenged the determination that he could not bring a claim for injunctive relief against the defendants in their official capacities. But any objection to

---

[2] Wyatt does not challenge the District Court's dismissal of his Fifth Amendment claim.

4

that determination would not have changed the case outcome because, as explained below, Wyatt failed to allege plausibly that the defendants violated his constitutional rights.

Wyatt also argues that the District Court erred by dismissing his Eighth Amendment claims. To succeed on a claim that confinement conditions violate the Eighth Amendment, a plaintiff must demonstrate that: (1) the alleged deprivation was "objectively, sufficiently serious," and (2) the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). A plaintiff can satisfy the first element by alleging sufficient facts that he was "deprived of the minimal civilized measure of life's necessities." Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (cleaned up). A plaintiff satisfies the second element by alleging facts that "show[] that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." Id. (citation omitted). A plaintiff might also plead an Eighth Amendment claim by showing that (1) "the defendants were deliberately indifferent to his or her medical needs" and (2) "those needs were [objectively] serious." Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (cleaned up).

The District Court properly explained that Wyatt did not allege in his complaint how many times he experienced the 36-hour lockdowns personally. But even if we assume that he experienced them for the more than 20 times that he alleged they occurred "throughout the Pennsylvania state prisons," Wyatt still failed to plead facts sufficient to

5

state a plausible Eighth Amendment claim. Wyatt did not provide enough detail about the conditions he faced during the lockdowns, or his mental health, such that a court could conclude that he was denied basic life necessities. Cf. Clark v. Coupe, 55 F.4th 167, 173-74, 179-80 (3d Cir. 2022) (holding that the plaintiff, who was previously diagnosed with bipolar disorder and paranoid schizophrenia, stated a plausible Eighth Amendment claim for being placed in isolation for 7 months by alleging that he experienced "increased hallucinations, paranoia, self-mutilation, sleeplessness, and nightmares"); Palakovic v. Wetzel, 854 F.3d 209, 216-17, 225-26 (3d Cir. 2017) (holding that the parents of a prisoner who was previously diagnosed with impulse control disorder and anti-social personality disorder, had been identified as a suicide behavior risk, and had previously engaged in self-harm plausibly stated an Eighth Amendment claim for the prisoner's multiple 30-day stints in solitary confinement, during which he committed suicide). Further, although Wyatt claimed that staff knew that the lockdown policy was deteriorating his mental stability, he did not indicate that any of the named defendants were aware of his alleged injuries or were involved in his treatment, or lack thereof. See Thomas, 948 F.3d at 138; Pearson, 850 F.3d at 534-35. Finally, as Wyatt concedes, the lockdowns were intended to deter prison inmate violence, which is a legitimate penological interest. See Porter v. Pa. Dep't of Corr., 974 F.3d 431, 446 (3d Cir. 2020); see also Overton v. Bazzetta, 539 U.S. 126, 133 (2003) (stating that promoting internal security in prisons is "perhaps the most legitimate of penological goals"); Pell v. Procunier, 417 U.S. 817, 823 (1974) ("[C]entral to all other corrections

6

goals is the institutional consideration of internal security within the corrections facilities themselves.").

Next, Wyatt argues that the District Court erred by dismissing his Fourteenth Amendment due process claim. To determine whether an inmate has sufficiently stated a due process claim for deprivation of a liberty interest, the Court considers whether the alleged deprivation "impose[d] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Griffin v. Vaughn, 112 F.3d 703, 706-07 (3d Cir. 1997) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Wyatt claims that his allegations regarding his mental health were enough to show that he suffered an atypical and significant hardship. But again, Wyatt did not provide sufficient factual detail about his mental health. And aside from the lockdowns' durations, Wyatt provided no detail about the lockdown conditions such that this court could conclude that any hardship he experienced was atypical in relation to ordinary prison life. Cf. Shoats v. Horn, 213 F.3d 140, 143-44 (3d Cir. 2000). Nor did he sufficiently allege that the lockdowns' durations were atypical. See, e.g., Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003).

Because Wyatt failed to state a claim for relief, the District Court did not abuse its discretion by declining to consider Wyatt's class action certification request. See Polsky v. United States, 844 F.3d 170, 172 n.2 (3d Cir. 2016) (per curiam). Accordingly, we will affirm the District Court's judgment. To the extent that Wyatt seeks other relief on appeal, it is denied.

7